**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

**CASE NO.: 1:25-cv-10191 (JHR)**

PANDALOON LLC,

        Plaintiff,

v.

HEFEI LONGNEW PET PRODUCTS CO.,
LTD., *et al.*,

        Defendants.

**PRELIMINARY INJUNCTION**

Plaintiff PANDALOON LLC ("Pandaloon," or "Plaintiff") filed a Motion for Temporary Restraining Order seeking a Preliminary Injunction (ECF No. 8) (the "Motion") against Defendants Hefei Longnew Pet Products Co., Ltd., Kunshan Zhongru Pet Products Co., Ltd, LISM Pet Supplies & Pet Store, MenQI Store, My Pet Clothing Store, Puppy Colorful Store, Shop1104760661 Store, YouMe Store Store, DayoneShop, kisuin, MANON ROSA (Delivery 7-18 days) ("MANON ROSA"), Plauere-us, Sister Amy, guangzhouyichongmaoyiyouxiangongsi, kong09, MG-efforts, and mintam_59 (collectively, "Defendants"), all of which operate storefronts on marketplaces Alibaba.com, Aliexpress.com, Amazon.com, Dhgate.com, and eBay.com.  The Court granted the temporary restraining order (the "TRO") on December 13, 2025 and set a hearing for December 24, 2025 at 10:00 a.m. ECF No. 13.

On December 19, 2025, Plaintiff explained that, "as of the date of this motion, only [the marketplace platform] DHGGate.com" had responded to the TRO and provided an email

1

for Defendant kong09, "Amazon and eBay ha[d] confirmed receipt," and "Alibaba.com and AliExpress.com ha[d] not yet responded." ECF No. 20. While Plaintiff was able to provide notice to Defendant kong09, it had been unable "to provide notice of the TRO to the remaining defendants, because [it] had not yet been supplied the e-mail addresses for these defendants." *Id.*

On December 22, 2025, Plaintiff filed a motion to adjourn the hearing previously scheduled for December 24 and to extend the TRO for good cause, "in the interest of providing notice." ECF Nos. 21, 22. For good cause shown, the hearing was continued to January 7, 2026. ECF No. 23.

On December 24, 2025, Plaintiff filed proof of service of "a copy of the TRO, the Order granting Plaintiff's Motion to Continue Hearing on Motion for Preliminary Injunction And extend theTRO and the Complaint filed and the URL for the Notice Page" by email on Defendants Hefei Longnew Pet Products Co., Ltd., Kunshan Zhongru Pet Products Co.,Ltd., DayoneShop, kisuin, MANON ROSA, Plauere-us, Sister Amy, guangzhouyichongmaoyiyouxiangongsi, MG-efforts and mintam_59. ECF No. 24. On December 29, 2025, Plaintiff filed proof of service of the same by email on Defendants LISM Pet Supplies & Pet Store, MenQI Store, My Pet Clothing Store, Puppy Colorful Store, Shop1104760661 Store and YouMe. ECF No. 25.

On January 5, 2026, Defendant MANON ROSA filed a combined Motion to Dismiss the Complaint Pursuant to Rule 12(B)(2) and 12(B)(6) and to Dissolve the Temporary Restraining Order. (ECF No. 33). That same day, the Court rescheduled the January 7, 2026 hearing for January 9, 2026 at 12:30 p.m. and extended the temporary restraints through

2

January 9, 2026 for good cause to "fully consider the papers filed" by Defendant Manon Rosa. ECF No. 35.

On January 6, 2026, Plaintiff filed its Reply in further support of the Motion. (ECF No. 36).

On January 8, 2026, Plaintiff filed a notice of settlement with respect to Defendants Sister Amy, MG-efforts, and mintam_59.  ECF. No. 42.

On January 9, 2026, Plaintiff voluntarily withdrew its motion for a preliminary injunction as against MANON ROSA only. (ECF No. 45).

At the preliminary injunction hearing on January 9, 2026, Plaintiff and Defendant MANON ROSA addressed the Court, but no other Defendants appeared.

Having reviewed the Motion and the accompanying record, and for the reasons stated on the record at the hearing on Plaintiff's Motion on January 9, 2026, the Court **GRANTS** Plaintiff's Motion with respect to Defendants Hefei Longnew Pet Products Co., Ltd., Kunshan Zhongru Pet Products Co., Ltd, LISM Pet Supplies & Pet Store, MenQI Store, My Pet Clothing Store, Puppy Colorful Store, Shop1104760661 Store, YouMe Store Store, DayoneShop, guangzhouyichongmaoyiyouxiangongsi (collectively, the "Enjoined Defendants"), and, for the reasons stated on the record during the January 9, 2026 hearing, **DENIES** the Motion with respect to Defendants kisuin, Plauere-us, and kong09.

With respect to the Enjoined Defendants only, the Court concludes that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65.

Accordingly, the Court hereby orders that:

1.  The Enjoined Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be preliminarily enjoined and restrained from:

    a.  Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the PANDALOON Marks and PANDALOON Design Patent, or any other confusingly similar trademarks or design patents, other than those actually manufactured or distributed by Plaintiff; and

    b.  Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing or using the PANDALOON Marks and PANDALOON Design Patent, or any confusingly similar trademarks or design patents; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the PANDALOON Marks and PANDALOON Design Patent, or any confusingly similar trademarks or design patents; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Enjoined Defendant, including, but not limited to, any assets held by or on behalf of any Enjoined Defendant;

2.  Each Enjoined Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Enjoined Defendant having notice of this Order, shall immediately discontinue, until further

Order of this Court, the use of the PANDALOON Marks and PANDALOON Design Patent on or in connection with all Internet-based e-commerce stores owned and operated or controlled by them, including the Internet-based e-commerce stores operating under the Seller IDs.  This Order is limited to the Enjoined Defendants' listings using the PANDALOON Marks and PANDALOON Design Patent, on or in connection with all Internet-based e-commerce stores owned and operated or controlled by them, including the Internet-based e-commerce stores operating under the Seller IDs, and does not apply to the Enjoined Defendants' entire e-commerce stores.

3.  Each Enjoined Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Enjoined Defendant having notice of this Order, shall immediately discontinue, until further Order of this Court, the use of the PANDALOON Marks and PANDALOON Design Patent, or any confusingly similar trademarks or design patents, within domain name extensions, metatags or other markers within website source code, from use on any webpage at Alibaba.com, Aliexpress.com, Amazon.com, DHgate.com, or eBay.com (including as the title of any webpage), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or that serves to direct computer searches to individual seller stores registered, owned, or operated by any Enjoined Defendant at Alibaba.com, Aliexpress.com, Amazon.com, DHgate.com, or eBay.com under the Seller IDs.

4.  Each Enjoined Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5.    Each Enjoined Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before entry of this Order.

6.    Upon receipt of notice of this Order, the Enjoined Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com, Aliexpress.com, Amazon.com, Amazon Payments, Inc. ("Amazon"), dhgate.com ("dhgate"), eBay.com ("eBay"), PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), LianLian, Klarna, WorldFirst, Stripe, Inc. and/or Stripe Payments Company ("Stripe"), and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts associated with the Internet-based e-commerce stores operating under each Defendant, store numbers, infringing product numbers, and/or the e-mail addresses identified for each Defendant, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

7.    Upon receipt of notice of this Order, the Enjoined Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to

6

Alibaba, Aliexpress, Amazon, Dhgate, eBay, PayPal, Payoneer, LianLian, Klarna, WorldFirst, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for Defendants' listings that are alleged to infringe Plaintiff's trademarks and patent; and (iv) the true identities along with complete contact information, including email addresses for each Defendant.

8.    No funds restrained by this Order shall be transferred or surrendered by any Enjoined Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to PayPal, Payoneer, Stripe, Afterpay, Ant Financial Services, Allpay, Apple Pay, Adyen, Google Pay, Klarna, LianLian, Nuvei, PingPong, Razor Pay, Wise, World First, Worldpay, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds), without the express authorization of this Court.

9.    No Enjoined Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to PayPal, Payoneer, Stripe, Afterpay, Ant Financial Services, Allpay, Apple Pay, Adyen, Google Pay, Klarna, LianLian, Nuvei, PingPong, Razor Pay, Wise, World First, Worldpay, and their related companies and affiliates restrained by this Order to

7

any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Enjoined Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall remain in effect during the pendency of this action or until further Court order.

12. Any Enjoined Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New York Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. Plaintiff shall provide notice of this Order to the Enjoined Defendants by serving a copy of the Order on Defendants by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, and by providing a copy of this Order by e-mail to the marketplace platform for each Seller ID so that the marketplace platform, in turn, notifies the Enjoined Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

14. Plaintiff shall post copies of this Order, as well as all other documents filed in this action, on the website located at the URL www.sriplaw.com/notice and shall provide the address to the website to the Enjoined Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

15. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Enjoined Defendants by regularly updating the

website located at the URL www.sriplaw.com/notice, or by other means reasonably calculated to give notice that are permitted by the Court.

16.     The five-thousand-dollar ($5,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

**DONE and ORDERED** in New York, New York, this 9 day of January, 2026.

_____

HONORABLE JENNIFER H. REARDEN
UNITED STATES DISTIRCT JUDGE